No. 80-302

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

LENORA E. KAY,

Plaintiff and Appellant,

vs.

R. V. BOTTOMLY,

Defendant and Respondent.

---

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable John McCarvel, Judge presiding.

Counsel of Record:

For Appellant:

Leaphart Law Firm, Helena, Montana
C. W.Leaphart, Jr. argued, Helena, Montana

For Respondent:

Lawrence A. Anderson argued, Great Falls, Montana
R. V. Bottomly, Great Falls, Montana

---

Submitted: February 20, 1981

Decided: APR 22 1981

Filed: APR 22 1981

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Appellant, Lenora E. Kay, appeals an order and judgment entered by the District Court of the Eighth Judicial District, County of Cascade, the Honorable John M. McCarvel presiding, wherein the court directed the clerk of court to enter an arbitration award in the judgment books in favor of respondent, R. V. Bottomly.

Lenora E. Kay owned certain properties in Cascade County which she sold under a contract for deed to her two sons on October 15, 1975, for $40,000. The sons, Robert and Clarence Swartz, then assigned the contract for deed to a corporation named Swartz Brothers Excavating, Inc. This assignment was made on or about January 1, 1976, and without the consent of Kay.

Subsequent to the assignment, Swartz Brothers Excavating, Inc., became delinquent on the contract. Shortly afterwards, Kay closed the escrow and purportedly revested herself with all the right, title and interest in the property on August 22, 1977.

Swartz Brothers Excavating, Inc., filed a petition for bankruptcy on October 27, 1977. The trustee in bankruptcy then filed an action against Kay, alleging that the August 22, 1977, revestment was a voidable transfer. The trustee requested the bankruptcy court to (1) declare the termination of the contract for deed null and void; (2) reinstate the contract for deed; (3) reinstate the trustee in bankruptcy with all of the bankrupt's right, title and interest in the property; and (4) compel Kay's specific performance.

Lenora Kay retained the services of the law firm of

-2-

Bottomly and Gabriel to represent her in the action brought by the trustee. On March 28, 1978, the parties entered into a contingent fee agreement whereby they agreed to the following:

> "IT IS MUTUALLY AGREED between the parties that Second Party [the firm of R. V. Bottomly and Robert W. Gabriel] will use its best services to obtain settlement or judgment on behalf of First Party [Lenora Kay] and First Party does hereby agree to reimburse Second Party for any and all costs and expenses that it may incur in the representation of First Party, limited to the amount of $2,000.00 together with 50% of all monies or property or equities obtained for First Party by way of settlement and/or judgment as compensation for its services, no part of which shall be charged against the amount due First Party on the contract for sale of Swartz Brothers dated the 15th day of October, 1975.

> "IT IS AGREED that First Party shall take care of all taxes and insurance due on the property until the matter is finally settled and such items and costs will be defrayed out of rents and profits taken from the premises as obtained. It is agreed that from the determination of the issues in favor of plaintiff, parties [Kay and Bottomly] will have one year from the date thereof to dispose of the property by sale in order to satisfy attorney's fees and costs. The cost of sale shall be equally divided between First and Second Parties."

In attempting to resolve the litigation, Bottomly and the bankruptcy trustee worked out a settlement agreement wherein Kay would pay to the trustee $25,000 in exchange for the trustee's dismissal of his action and the release of any interest in the property. The property was then apparently appraised at $88,000, although appellant maintains the appraisal was for $82,000.

To facilitate payment of the $25,000, the settlement agreement provided that Kay was to pay $5,000 down with the remaining balance of $20,000 to be paid on or before December 31, 1978, together with interest at a rate of 7-1/2

-3-

percent per annum from July 1, 1978. The remaining balance was to be secured by a trust indenture of Kay against the property with the trustee as beneficiary.

Kay paid the $5,000 down, but a dispute then arose over Bottomly's fee. Kay, in obtaining a loan to pay the remaining balance of $20,000 wanted to deduct 50 percent of the interest thereon from any fee owed. Bottomly apparently was unwilling to do so, and Kay discharged him as her attorney, refusing to finalize the settlement.

After discharging Bottomly, Kay retained new counsel. Kay then entered into a settlement agreement with the bankruptcy trustee upon the exact same terms and conditions which Bottomly had previously negotiated on her behalf.

On March 9, 1979, Kay requested the State Bar of Montana to arbitrate her fee dispute with Bottomly, alleging:

> "Mr. Bottomly's services were obtained to protect my property from seizure which he did not do. Instead, he agreed to a settlement which I didn't agree to.
>
> "Now he has filed a lien on property, and nothing has been settled therefore I would be willing to pay him $2,000.00 which is too much for what he has done and the hell he has put me through."

Bottomly agreed to the binding arbitration, and a panel heard the testimony and evidence from the parties on May 1, 1979. On May 15, 1979, the panel concluded that the contingent fee agreement was valid and binding on the parties; that Kay had agreed to the settlement; and that Bottomly was entitled to a fee of $14,481.50.

The panel, in setting Bottomly's fee, used the following formula:

> "The value of said real property was

> appraised at $88,800.00. From this was to be
> deducted what remained due on a Contract for
> Sale to Swartz Brothers ($31,530.35), taxes
> ($809.14), interest ($2,497.51) and the sum
> required to settle with the Trustee
> ($25,000). These deductions total
> $59,837.00. Subtracting the deductions from
> the appraised value ($88,800.00 - 59,837.00)
> there is a remaining balance of $28,963.00.
> It was agreed that the respondent was to have
> 50% of the value of this sum. That means the
> respondent is entitled to a fee of
> $14,481.50."

Under the terms of the fee agreement, Kay was given one year within which to liquidate the property to pay the attorney fees. When she failed to do so, Bottomly, on May 16, 1980, had the arbitration decision filed in the District Court pursuant to section 27-5-103, MCA. In response, Kay had served on Bottomly a motion to vacate the award. The motion was filed on June 9, 1980, but was not set for hearing.

On June 12, 1980, Bottomly filed a praecipe and affidavit with the clerk of the court, pursuant to section 27-5-303, MCA, requesting that the arbitration panel's decision be entered in the judgment records. Ten minutes later Kay filed an order staying the entry of judgment and noted for hearing her motion to vacate. The hearing scheduled for June 17, 1980, however, was canceled, and the District Court entered an order on June 23, 1980, directing the clerk of the court to enter the arbitration award in the judgment book. This order was based on a finding that the clerk was required to enter the judgment pursuant to section 27-5-303, MCA, in that Bottomly's affidavit and praecipe were filed prior to the order staying entry of judgment.

The following issues are presented for our review:

1. Did the District Court err in directing the clerk

-5-

of the court to enter the arbitration award in the judgment books?

2. Did the arbitration panel err in granting the award in favor of respondent?

Section 27-5-202, MCA, specifically grants an arbitration panel the power to make an award after hearing the allegations and evidence of the parties. The arbitrators' award is then to be given the effect of a judgment when:

> "After the expiration of 5 days from the filing of the award, upon the application of a party who also files an affidavit showing that notice of filing the award has been served on the adverse party or his attorney at least 4 days prior to such application and that no order staying the entry of judgment has been served, the clerk must enter the award in the judgment book and thereupon it has the effect of a judgment." Section 27-5-303, MCA.

Here, respondent has properly followed the above-mandated procedure, and the District Court committed no error in directing the clerk to enter the award in the judgment book.

The second issue on appeal concerns appellant's assertion that had the District Court heard her motion to vacate, the court would have found that the award granted by the arbitration panel was improper. We must disagree by concluding that appellant has failed to assert a legitimate basis upon which the District Court could grant her motion. As a consequence, there is now nothing for this Court to consider, and the judgment must be affirmed.

In this regard, section 27-5-301, MCA, is pertinent and provides:

> "When court may vacate award. The court or judge, on motion, may vacate the award upon

-6-

any of the following grounds and may order a new hearing before the same arbitrators or not, in its or his discretion:

"(1) It was procured by corruption or fraud.

"(2) The arbitrators were guilty of misconduct or committed gross error in refusing, on cause shown, to postpone the hearing or in refusing to hear pertinent evidence or otherwise acted improperly in a manner by which the rights of the party were prejudiced.

"(3) The arbitrators exceeded their powers in making the award, or they refused or improperly omitted to consider a part of the matters submitted to them.

"(4) The award is indefinite or cannot be performed."

Here appellant has asserted in her motion that the award of attorney fees under the parties' contingent fee agreement was without merit. The stated grounds for the contention are twofold: (1) the appraisal value of the property should not be used in determining respondent's compensation because appellant could not sell the property for that amount; and (2) at the time of the settlement, appellant was already the legal and equitable owner of the property, and, thus, respondent never obtained any monies, properties or equities on her behalf. These grounds do not constitute a proper basis upon which to vacate the arbitration panel's award.

Appellant, in her motion, has not alleged, nor can we find anything to indicate, that the award was granted as the result of fraud; that the arbitrators were guilty of misconduct; that they refused to postpone the hearing; that they refused to consider evidence or other matters submitted to the panel; that they exceeded their power in making the award; or that the award is indefinite and cannot be

performed. The proper grounds upon which a motion to vacate can be heard have, thus, not been established.

Since appellant failed to properly perfect her motion to vacate at the District Court level and, further, failed to supply a proper basis upon which to hear that motion, the judgment of the District Court, as entered, is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-8-

Mr. Justice John C. Sheehy dissenting:

Lenora E. Kay has not had her day in court. She contended before the arbitration board, before the District Court, and now before this Court, that the contingent fee agreement, drawn up by the attorneys, fails to state a basis for which he owes an attorney fee. She has never had a legal determination of that legal issue. The majority here sidestepped the legal issue by (1) reading the statutes against her to determine that she has no right of appeal here, and (2) by deciding as a matter of law, without a record, that her grounds for review before the District Court are inadequate as a matter of law.

At the time of the contingent fee contract was made with the attorneys, Lenora E. Kay was the legal and equitable owner of her property, subject only to a claim by a trustee in bankruptcy that her title was subject to a voidable preference in favor of herself. Yet, the attorneys, who drafted the contingent fee contract, provided compensation would include costs, and "50 percent of all monies or property or equities obtained for [Lenora] by way of settlement and/or judgment as compensation for [the attorneys'] services." Lenora's contention that the attorneys are entitled to nothing beyond a quantum meruit payment of this case has merit, if all we regard is the face of the contingent fee contract, which is all that is before this Court. If more is owed under that contract, is could arise only by virtue of some parol evidence that would require some kind of hearing before some trier of fact vested with authority to hear the same.

Lenora's contention before the arbitration board was that "Mr. Bottomly's services were obtained to protect my property from seizure, which he did not do . . ." That

-9-

quotation is at least as logical from the face of the contingent fee contract as the attorney's contention that he is entitled to one-half of the value of her property, after the mortgage has been deducted. The majority gives short shrift to her contention. She is at least entitled to the benefits of the Montana Rules of Civil Procedure, to the spirit of which my colleagues are on occasion want to swear eternal allegiance, and particularly to Rule 8(f), which provides that "all pleadings shall be so construed as to do substantial justice."

The second problem with the majority opinion relates to the majority's lack of interpretation of the arbitration award statutes. In setting up the "procedure following award", the legislature, in enacting sections 27-5-301 through -304, MCA, established a very confusing set of procedures for action by the District Court, the clerk of the District Court, and this Court, with respect to such awards. Section 27-5-301, provides that a District Court "may vacate the award . . . and may order a new hearing" when certain grounds appear. Section 27-5-302, on the other hand, provides that a District Court "may, on motion, modify or correct the award" when certain matters appear.

The grounds upon which the court may vacate the award and order a new hearing under section 27-5-301, are different from the grounds upon which the court may modify of correct the award under section 27-5-302. It appears to me, in considering these two sections, that it was the purpose of the legislature to allow the court, under section 27-5-302, to modify or correct the award when it appeared from the face of the record (the arbitration award) that a mistake had been made which could be corrected without a further

hearing before arbitrators. Section 27-5-301, on the other hand, is so designed to provide for the vacation of the award and a new hearing where the hearing established that the arbitrators acted improperly, corruptly, fraudulently, or in excess of their powers. Therefore, when Lenora E. Kay contends, as she did before the arbitration board when she was unrepresented by counsel, that the arbitration board did not consider her legal objection to the contingency contract, she set forth the grounds that the arbitration board "otherwise acted improperly in a matter by which the rights of the party were prejudiced." This is a proper ground for vacation of the award and a new hearing under section 27-5-302(2), MCA. She has been denied that right to have the issue determined by the majority opinion.

The right to obtain a vacation of the award and a new hearing when the arbitrators "otherwise acted improperly" is a broad umbrella which covers the contentions of Lenora Kay. It is not a ground mentioned by the majority. Indeed, the majority opinion fails to discuss the provisions of the statute in holding that she has not established grounds for such a vacation of award. What is the basis of that holding?

The majority has further confused the appellate rights of a person involved in an arbitration procedure, when it determines that there is no appeal available from a judgment entered while there is a timely, pending motion before the District Court to vacate the award.

The pertinent statutes are these:

"27-5-302. When court may modify or correct award. The court or judge may, on motion,

-11-

modify or correct the award where it appears that:

"(1)   there was a miscalculation in figures upon which it was made or that there is a mistake in the description of some persons or property therein;

"(2)   a part of the award is upon matters not submitted, which part can be separated from other parts and does not affect the decision on the matters submitted;

"(3)   the award, though imperfect in form, could have been amended if it had been a verdict, or the imperfection disregarded."

"27-5-303.   When award has effect of a judgment. After the expiration of 5 days from the filing of the award, upon the application of a party who also files an affidavit showing that notice of filing the award has been served on the adverse party or his attorney at least 4 days prior to such application and that no order staying the entry of judgment has been served, the clerk must enter the award in the judgment book and thereupon it has the effect of a judgment."

An examination of the foregoing two statutes reveals that they do not cover the situation that occurred here. Lenora E. Kay timely filed a motion to vacate the award before the clerk entered judgment in this case. That motion was pending at the time that the clerk entered the judgment. That motion is still pending before the District Court. Under section 27-5-304, MCA, the right of appeal is not from the judgment but rather from the "decision upon the motion" to vacate the award. Under section 27-5-304, an appeal is granted to a party from a motion whether or not a judgment has been entered before the motion has been decided.

The District Court did not pass upon the motion to vacate the award on the grounds stated. Instead, the District Court, because judgment had been entered by the clerk of the court, decided that the District Court was precluded from doing anything further with respect to the motion to vacate the arbitration award. Thus, we have a

-12-

case before us where a right of appeal is granted to Lenora E. Kay on the motion to vacate the arbitration award, but the District Court has not yet acted on the grounds set out in that motion.

Therefore, we have before us a situation where the question as to the legality of the attorney's fees under the language of the attorney's fees contract has not been decided upon an adversarial proceedings either in the District Court or in this Court, all because of the peculiar nature of the statutes providing for this appeal.

I would therefore reverse the case and remand it to the District Court for a consideration of the issues raised by the motion to vacate the award. Otherwise, we have denied to Lenora E. Kay her right to appeal from a decision on her motion, a decision which the District Court has yet to make.

_____
Justice

I join in the dissent of Justice John C. Sheehy.

_____
Justice